UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JEROME HAYES,
DC# 124113,
    Plaintiff,

    v.                                                      Case No.: 4:23-cv-184-MW-MAF

SERGEANT BENNETT, et al.,
    Defendants.
_____/

**MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Pursuant to Rule 12(b), Fed. R. Civ. P., Defendants **Bennett** and **Lurry** (together "Defendants") move this Court to dismiss Plaintiff's Second Amended Complaint (Doc. 14) because Plaintiff is barred by sovereign immunity, as recognized by the Eleventh Amendment, from seeking judicial relief against Defendants in their official capacities.

**SUPPORTING MEMORANDUM**

**PROCEDURAL HISTORY AND ALLEGATIONS**

Plaintiff initiated this suit by filing his initial Complaint, which was docketed on May 9, 2023 with this Court. See (Doc. 1). Since then, this Court has ordered Plaintiff to file two additional amended complaints. See (Doc. 7); see (Doc. 9); see (Doc. 13). The operative complaint in this suit is Plaintiff's Second Amended Complaint (Doc. 14) ("Second Amended Complaint"). Plaintiff's Second Amended

1

Complaint was provided for mailing[1] on October 30, 2023 and docketed on November 3, 2023. Since then, Defendant Bennett has been served process and Defendant Lurry filed a waiver of service of the summons. See (Doc. 26); (Doc. 33).

Plaintiff has filed suit against Defendant Lurry, Defendant Bennett, and a "John Doe" officer defendant alleging the violation of his Constitutional rights. Specifically, Plaintiff brings excessive use of force and deliberate indifference of a serious medical need claims. See (Doc. 14 at 6-7). Plaintiff has sued all three defendants in only their official capacities in each filed complaint in this action, including the Second Amended Complaint. See (Doc. 1 at 2-3); see (Doc. 12 at 4); see (Doc. 14 at 2-3). As his requests for relief, Plaintiff is requesting monetary damages. Id. at 7.

## ARGUMENT

**Plaintiff is barred by sovereign immunity, as recognized by the Eleventh Amendment, from seeking judicial relief against Defendants in their official capacities.**

To the extent that Plaintiff is suing Defendants in their official capacities only, Defendants are entitled to immunity under the Eleventh Amendment. A suit against a state employee in an official capacity is a suit against the state for Eleventh

---

[1] Plaintiff is currently housed and incarcerated at Santa Rosa Correctional Institution. Information regarding Plaintiff's location and incarceration can be obtained via the Department's Inmate Population Information Detail page at: https://fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=124113&TypeSearch=AI

Amendment purposes. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989); see Lewis v. Clarke, 581 U.S. 155, 162 (2017) ("In an official-capacity claim, the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself.") In the absence of any waiver or express congressional authorization, which is not present in this case, the Eleventh Amendment prohibits a suit against a state in federal court. Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985). Congress did not intend to abrogate a state's Eleventh Amendment immunity in § 1983 monetary damages suits. Williams v. Bd. Of Regents of Univ. Sys. Of Ga., 477 F.3d 1282, 1301 (11th Cir. 2007). It is apparent that Florida has not waived its sovereign immunity nor consented to be sued in damage suits brought pursuant to § 1983. Gamble v. Florida Dep't of Health & Rehabilitative Servs., 779 F.2d 1509, 1513-15 (11th Cir. 1986). Florida has explicitly not waived its Eleventh Amendment immunity from suit in Federal Court. Fla. Stat. § 768.28(18); Jones v. Johnson, No. 4:18-cv-76-MW-GRJ, 2018 WL 6920099, at *2 (N.D. Fla. Nov. 29, 2018) (report and recommendation adopted) ("Florida's statutory waiver of sovereign immunity in § 768.28, Florida Statutes . . . does not constitute consent to suit in federal court under § 1983") (quoting Gamble, 779 F.2d at 1514-15 (internal quotation marks omitted)).

Here, Plaintiff has made clear that he is suing Defendants in their official capacities. See (Doc. 1 at 2-3); see (Doc. 12 at 4); see (Doc. 14 at 2-3). Accordingly,

3

Defendants are immune from suit in their official capacities. Therefore, since the only identifiable claims against Defendants are brought against them in their official capacities, Plaintiff's Second Amended Complaint should be dismissed.

## CONCLUSION

WHEREFORE, Defendants Bennett and Lurry request that this honorable Court dismiss Plaintiff's Second Amended Complaint.

Respectfully submitted,

**ASHLEY MOODY**
ATTORNEY GENERAL

*/s/ Mason V. Petrosky*
Mason V. Petrosky, Esq.
Assistant Attorney General
Attorney for Defendant Bennett and Defendant Lurry
Florida Bar No.: 1049458
Office of the Attorney General
The Capitol, Suite PL-01
Tallahassee, Florida 32399
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
Mason.Petrosky@myfloridalegal.com

## CERTIFICATE OF COMPLIANCE WITH N.D. FLA. LOC. R. 7.1(F).

## WORD LIMIT

**I HEREBY CERTIFY** that the foregoing *Supporting Memorandum* contains 605 words, which does not exceed the 8,000 total word maximum created by N.D. Fla. Loc. R. 7.1(F).

/s/ Mason V. Petrosky
Mason V. Petrosky, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Motion to Dismiss and Supporting Memorandum* has been e-filed and furnished by U.S. mail to: Jerome Hayes, DC# 124113, Santa Rosa Correctional Institution - Annex, 5850 East Milton Road, Milton, Florida 32583-7914 on this 6th day of May 2024.

/s/Mason V. Petrosky
Mason V. Petrosky, Esq