**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JEROME HAYES,
D.O.C. #124113,**

      **Plaintiff,**

**vs.**                        **Case No. 4:23cv184-MW-MAF**

**SERGEANT BENNETT,
LIEUTENANT LURRY,
and JOHN DOE,**

      **Defendants.**

_____/

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff is a pro se prisoner, who was granted in forma pauperis status. ECF No. 5. Plaintiff filed a second amended complaint [hereinafter "complaint"] on November 3, 2023, and service was directed on the two named Defendants. On May 6, 2024, Defendants Bennett and Lurry filed a motion to dismiss, ECF No. 35, arguing that Plaintiff's complaint is barred by sovereign immunity. Plaintiff was provided an opportunity to respond to Defendant's motion, ECF Nos. 36, 39, and 41, and his response has been timely filed. ECF No. 43.

**Allegations of the Complaint, ECF No. 14**

Plaintiff brings Eighth Amendment claims against all three Defendants in their official capacity only.  ECF No. 14 at 2-3.  Plaintiff alleged that the Defendants used unnecessary and excessive force during a "mental episode cell extraction."  *Id.* at 5-6.  Plaintiff also claimed the Defendants were deliberately indifferent to his injuries.  *Id.* at 7.

**Motion to Dismiss, ECF No. 35**

Defendants argue that Plaintiff's claims are barred by the Eleventh Amendment as Plaintiff seeks monetary damages from them in their official capacity.  ECF No. 35.  Defendants request that Plaintiff's second amended complaint be dismissed.  *Id.* at 4.

**Plaintiff's Response, ECF No. 43**

Plaintiff advises that he filed his complaint without the assistance of a certified law clerk.  ECF No. 43 at 3.  He acknowledges that he did sue the Defendants in their official capacities, but states that he did so "out of ignorance."  *Id.*  Plaintiff says that he should have filed the complaint against the Defendants in their individual capacities, and he requests permission to resubmit his complaint.  *Id.* at 3.  Plaintiff points out he is pro se and should be held to a lesser standard, and he asks the Court to not

dismiss his complaint because of his mistake in checking the wrong box on the form.  *Id.* at 5.

## Standard of Review

The issue on whether a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955).[1]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127

---

[1] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations."  Twombly, 127 S. Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

S. Ct. at 1965); *see also* <u>Wilborn v. Jones</u>, 761 F. App'x 908, 910 (11th Cir. 2019).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. <u>Swierkiewicz v. Sorema</u>, 534 U.S. 506, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an attorney. <u>Wright v. Newsome</u>, 795 F.2d 964, 967 (11th Cir. 1986) (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972)).

**Analysis**

A civil rights complaint brought against a state official in his or her individual capacity seeks "to impose personal liability upon a government official for actions he takes under color of state law." <u>Kentucky v. Graham</u>, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985) (citing <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 237-238, 94 S. Ct. 1683, 1686-1687, 40 L. Ed. 2d 90 (1974)). "Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which

an officer is an agent.'" Graham, 473 U.S. at 165-66, 105 S. Ct. at 3105

(quoting Monell v. New York City Dept. of Social Services, 436 U.S. 658,

690, n.55, 98 S. Ct. 2018, 2035, n.55, 56 L. Ed. 2d 611 1978)).  Absent

limited exceptions, the State of Florida and its agencies - such as the

Florida Department of Corrections - are immune from suit in this Court by

force of the Eleventh Amendment.  Carr v. City of Florence, Ala., 916 F.2d

1521, 1524 (11th Cir. 1990); *see also* Kentucky, 473 U.S. at 169, 105 S.

Ct. at 3107 (reiterating that "absent waiver by the State or valid

congressional override, the Eleventh Amendment bars a damages action

against a State in federal court.").  That "bar remains in effect when State

officials are sued for damages in their official capacity."  Kentucky, 473

U.S. at 169, 105 S. Ct. at 3107; *see also* Odebrecht Const., Inc. v.

Secretary, Fla. Dep't of Transp., 715 F.3d 1268, 1289 (11th Cir. 2013)

(same).  In this case, Plaintiff acknowledges that he improperly sued the

Defendants in their official capacities.  ECF No. 43.

　　　The recognized exceptions to Eleventh Amendment immunity are not

applicable in this case.  *See* Atascadero State Hosp. v. Scanlon, 473 U.S.

234, 238, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985); Gamble v. Florida

Dep't of Health and Rehab. Servs., 779 F.2d 1509 (11th Cir. 1986); Florida

Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank, 527 U.S.

627, 119 S. Ct. 2199, 2205-06, 144 L. Ed. 2d 575 (1999); Ex parte Young,

209 U.S. 123, 28 S.Ct. 441, 52 L. Ed. 714 (1908).  Furthermore,

Defendants do not consent to be sued in their official capacities and have

not waived Eleventh Amendment immunity.  Virginia Office for Prot. &

Advocacy v. Stewart, 563 U.S. 247, 254, 131 S. Ct. 1632, 1638, 179 L. Ed.

2d 675 (2011) ("absent waiver or valid abrogation, federal courts may not

entertain a private person's suit against a State").  Defendants' motion to

dismiss should be granted.

However, Plaintiff's complaint does allege facts which state a

plausible Eighth Amendment claim against the Defendants, if sued in their

individual capacities.  Plaintiff has requested leave to amend his complaint,

although he did so within the course of responding to Defendants' motion

to dismiss rather than filing a separate motion with the proposed pleading.

A pro se plaintiff should be afforded an opportunity to amend his

complaint when "a more carefully drafted complaint might state a claim."

Johnson v. Boyd, 568 F. App'x 719, 723 (11th Cir. 2014) (citations

omitted).  Plaintiff has requested that he be provided such an opportunity,

and it is recommended that his request be granted.  Plaintiff should be

permitted a brief period of time in which to file a third amended complaint

against Defendants Bennett and Lurry.[2]

## **RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that

Defendants' motion to dismiss, ECF No. 35, be **GRANTED** and Plaintiff's

second amended complaint, ECF No. 14, be **DISMISSED without**

**prejudice.**  It is further **RECOMMENDED** that Plaintiff's request to file a

third amended complaint be **GRANTED,** and this case be **REMANDED** for

further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 26, 2024.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Review of Plaintiff's second amended complaint, ECF No. 14, reveals that Plaintiff did not present allegations against a John Doe Defendant in his second amended complaint.  Any prior claim presented in an earlier pleading should now be dismissed.

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.