IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSE DIVISION

JEROME HAYES,
D.O.C. # 124113,

    *Plaintiff*,
v.     Case No.: 4:23cv184-MW/MAF

SERGEANT BENNETT and
LIEUTENEANT LURRY,

    *Defendants*.
_____/

**ORDER ACCEPTING IN PART AND REJECTING IN PART
REPORT AND RECOMMENDATION**

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation. ECF No. 84. The Report and Recommendation addresses Defendants' pending motion for judgment on the pleadings, ECF No. 64, and Defendants' pending motion for summary judgment, ECF No. 72. This Court agrees with the Magistrate Judge's recommendation to grant in part and deny the motion for judgment on the pleadings and dismiss Plaintiff's claims for deliberate indifference and for compensatory damages—Plaintiff's allegations, taken as true and construing all reasonable inferences in his favor, simply do not state a claim for deliberate indifference nor do they allege a plausible *de minimis* injury. But Plaintiff may still seek punitive damages for his remaining excessive force claim.

As for the motion for summary judgment, this Court departs from the recommendation that the motion should be granted in full. Both the motion and the report and recommendation suggest that this Court should draw inferences in the movants' favor—largely based on interpretation of the video evidence submitted along with the motion. This Court has independently reviewed the video evidence and notes that much of what occurs in the initial cell extraction, during which Plaintiff contends Defendant Bennett punched him several times in the face, is obscured by several officers involved in the cell extraction. This Court is in no position to draw inferences in Defendants' favor about what could have happened, out of clear view, during the cell extraction.

To the extent the report and recommendation suggests that Plaintiff has accepted Defendants' version of the facts, this Court cannot agree. True, Plaintiff appears to have copied and pasted much of Defendants' asserted facts from their motion for summary judgment into his response, but Plaintiff disputes some of these facts in his motion. *See, e.g.*, ECF No. 80 at 8 ("There are not elbows flying nor other punching movements made by the cell extraction team. . . . Because it had already happened."). Moreover, Defendants have attached Plaintiff's full deposition transcript to their motion, which includes testimony that conflicts with the version of events Defendants urge this Court to find. *See* ECF No. 72-3. For example, Plaintiff testifies that Defendant Bennett punched him in the face over four times

when he had been brought to the ground and acknowledged that this may not be visible on the video of the incident given the number of officers involved during the cell extraction. *Id*. at 17–19. A factfinder could reasonably infer, based on this record, that Defendant Bennett punched Plaintiff in the face several times in quick succession, even if his actions were not visible on camera.

What is undisputed is that Defendant Bennett participated in two cell extractions involving Plaintiff on February 22, 2022. The cell extractions were documented by video, but Defendant Bennett's actions are obscured during part of the initial extraction. Without question, Plaintiff resisted during both cell extractions, some force was necessary to gain control of him, and Plaintiff had physical injuries to his face following the initial cell extraction. But questions remain with respect to how much force Defendant Bennett actually used during the initial cell extraction, whether that force was more than necessary to gain control of Plaintiff, and whether that force caused Plaintiff's injuries to his face. These are material disputes of fact that a jury—not this Court—must decide.

It is of no moment that Plaintiff alleged, among other injuries, that only his "left eye" was injured, even though the record documents injuries to the right side of his face following the cell extractions. Plaintiff's deposition makes plain that he has difficulty telling left from right and attempted to identify the side of his face that Defendant Bennett allegedly punched multiple times. Defense counsel's

3

characterization of Plaintiff's testimony during the deposition is not evidence and this Court does not conclude that Plaintiff testified that only the left side of his face was exposed to Defendant Bennett's alleged beating based on Defense counsel's description of Plaintiff's testimony for the record. Moreover, to limit Plaintiff's claim based on the allegation concerning his "left eye," when the record clearly demonstrates that force was used, Plaintiff's face was injured following the cell extractions, and Plaintiff is a *pro se* inmate with problems discerning left from right, is an exercise in narrowly construing Plaintiff's *pro se* complaint, contrary to binding law and the Federal Rules' instruction to construe pleadings to "do substantial justice." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also* Fed. R. Civ. P. 8(f) ("All pleadings shall be construed as to do substantial justice."). Accordingly, for these reasons, this Court disagrees with the recommendation that Defendant Bennett is entitled to summary judgment on the excessive force claim.[1]

---

[1] Given the disputed issues of fact, this Court cannot say, as a matter of law, that Defendant Bennett is entitled to qualified immunity. A special interrogatory on the verdict form would help answer this question. If the jury finds it more likely than not that Defendant Bennett only hit Plaintiff once in the face to get him under control, this Court would conclude that he is entitled to qualified immunity. But if the jury finds Defendant Bennett repeatedly punched Plaintiff in the face after Plaintiff was restrained on the ground, this Court would not conclude that Defendant Bennett is so entitled. Ultimately, the question of qualified immunity depends upon making certain factual findings that this Court, at this stage in the proceeding, is not permitted to make.

Defendant Lurry also seeks summary judgment on Plaintiff's excessive force claim against him, citing the video evidence and Plaintiff's testimony that demonstrate, without dispute, that Defendant Lurry never touched Plaintiff, nor did he administer chemical agents on Plaintiff during the cell extractions. Plaintiff argues, in response, that Defendant Lurry used excessive force because he was responsible for ordering the use of force on February 22, 2022. But this Court agrees with the Magistrate Judge that some amount of force was necessary to gain control over Plaintiff when he refused to comply with Defendant Lurry's orders to submit to restraints. The fact that Defendant Lurry ordered a use of force to gain control of Plaintiff during two cell extractions, alone, does not permit a reasonable inference that he ordered any officer to use excessive force during the cell extraction.

Moreover, as the video evidence clearly shows, Defendant Lurry did not enter Plaintiff's cell until after the alleged excessive force occurred during the initial cell extraction. Given the obscured view of Defendant Bennett's interaction with Plaintiff at the time Plaintiff says he was punched several times in the faced, and the number of officers who blocked Defendant Lurry from both Plaintiff and Defendant Bennett, Defendant Lurry could not have intervened in that moment to prevent such force from occurring. In short, this Court agrees with the Magistrate Judge that Defendant Lurry is entitled to summary judgment on Plaintiff's excessive force claim against him.

Accordingly, for these reasons,

**IT IS ORDERED:**

1. The report and recommendation, ECF No. 84, is **accepted in part and rejected in part**.

2. Defendants' motion for judgment on the pleadings, ECF No. 64, is **GRANTED in part and DENIED in part.** The motion is **GRANTED** with respect to Plaintiff's claims for deliberate indifference and compensatory damages. The motion is otherwise **DENIED**.

3. Defendants' motion for summary judgment, ECF No. 72, is **GRANTED in part and DENIED in part**. The motion is **GRANTED** as to Plaintiff's claim for excessive force against Defendant Lurry. The motion is otherwise **DENIED** with respect to Plaintiff's claim for excessive force against Defendant Bennett.

4. This Court does *not* direct entry of judgment on the issues decided in this Order under Federal Rule of Civil Procedure 54(b).

5. This Clerk shall set this matter for a telephonic status conference for purposes of scheduling a trial date. Defense counsel shall confer with Plaintiff

and both sides should be prepared to discuss potential trial dates.

**SO ORDERED on January 9, 2026.**

<u>s/Mark E. Walker</u><br>
**United States District Judge**